UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-CV-13088-GAO

WILLIAM SENAY,
Petitioner,

v.

MICHAEL A. THOMPSON
Respondent.

## ORDER

June 19, 2015

O'TOOLE, J.D.

After review, I ADOPT the magistrate judge's Report and Recommendation (dkt. no. 18) that this case be dismissed for want of prosecution.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM SENAY,
    Petitioner,

v.                                                                CIVIL ACTION NO. 14-13088-GAO

MICHAEL A. THOMPSON,
    Respondent.

## REPORT AND RECOMMENDATION

KELLEY, U.S.M.J.

Petitioner, William Senay, filed his petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (#1) on July 23, 2014. On October 17, 2014, Respondent, Michael A. Thompson, filed a motion to dismiss (#12), together with a memorandum of law in support with exhibits. (#13.) Petitioner has filed nothing in opposition to the motion to dismiss. On February 12, 2015, this Court issued an Order To Show Cause (#16) why the Court should not recommend the motion to dismiss be granted under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution. The Court gave Petitioner until March 13, 2015 to respond to the Order to Show Cause. To date, Petitioner has not responded to the Order to Show Cause.

Petitioner, who is pro se, alleges in his Writ of Habeas Corpus that his due process rights were violated in four separate respects during his state court trial. The petition states that the state court violated Petitioner's due process rights: 1) by ruling that evidence of an assault of the victim by Petitioner's nephew, including photographs of the victim's injuries, was admissible; 2) by barring testimony that the victim had previously

made false accusations of sexual assault; 3) by admitting evidence of Petitioner's behavior toward the victim's aunt; and 4) by allowing the introduction of first-complaint evidence. (#1.) Petitioner was represented by Kenneth G. Littman, Esq., at trial, and throughout his state court appeals. (#1.)

As noted in the Order to Show Cause, "Rule 41(b) of the Federal Rules of Civil Procedure expressly authorizes a district court to dismiss a case for failure of the plaintiff to prosecute or comply with . . . any order of court." *Norlander v. Plasky*, 964 F. Supp. 39, 41 (D. Mass. 1997) (quoting *Estate of Solis-Rivera v. United States*, 993 F.2d 1, 2 (1st Cir. 1993) (internal quotation marks omitted)); *Stinton v. McCarthy*, 2011 WL 841187, *2 (D. Mass. March 4, 2011) ("Rule [41(b) authorized the district court to dismiss an action for failure to prosecute, to comply with the Federal Rules of Civil Procedure, or to comply with court orders."). While the First Circuit prefers cases to be heard on their merits, "disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct" warranting dismissal. *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003). Accordingly, I RECOMMEND that Petitioner's motion under 28 U.S.C. § 2254 to Vacate, Set Aside, or Correct Sentence by a Person in State Custody (#1) be DISMISSED, and that Final Judgment enter accordingly.

As was noted in the Order to Show Cause, the effect of this dismissal is that Petitioner may not file a second or successive § 2254 petition without first obtaining an order from the Court of Appeals authorizing the District Court to consider it. *See* 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed.R.Civ.P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir.1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603(1st Cir.1980); *see also Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

April 14, 2015

/s/ M. Page Kelley  
M. Page Kelley  
United States Magistrate Judge